NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-535

JIMMIE W. BELGARD AND

STACEY ANN BELGARD

VERSUS

LUMBER INVESTORS, LLC D/B/A

MARTIN BUILDING MATERIALS, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 266,768
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

AFFIRMED AS AMENDED.

**Richard A. Rozanski**
**Richard A. Rozanski, APLC**
**P. O. Box 13199**
**Alexandria, LA 71315-3199**
**(318) 445-5600**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Lumber Investors, LLC**

**Aaron L. Green**
**Vilar & Green**
**1450 Dorchester Drive**
**Alexandria, LA 71315**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFFS-APPELLEES:**
    **Jimmie W. Belgard**
    **Stacey Ann Belgard**

**PICKETT, Judge.**

Lumber Investors, LLC, d/b/a Martin Building Materials (MBM), appeals a judgment of the trial court ordering the cancellation of two Private Works Acts liens against the property of Jimmie and Stacey Belgard and awarding attorney fees in the amount of $7,500.00. The Belgards have answered the appeal, seeking an increase in the amount of attorney fees awarded for work done at trial and an award of attorney fees for responding to this appeal.

## FACTS

Jimmie and Stacey Belgard contracted with KEH Construction, LLC, to construct a home on a ninety-two-acre tract in Rapides Parish. As the general contractor, KEH in turn contracted with MBM to supply building materials for the Belgard home. KEH and MBM had a long-standing relationship, and MBM provided building supplies for several KEH jobs. According to Mr. Belgard, KEH had completed ninety percent of the work on his home when KEH stopped construction. Mr. Belgard refused to finish paying KEH and took over the responsibilities of the general contractor. He contacted the subcontractors hired by KEH, including MBM, to finish the work on the home. Mr. Belgard met with Clarence Melcher, a co-owner of MBM, from whom he first learned that KEH had not timely paid MBM for materials for the Belgard home, as well as for other projects. Any supplies that Mr. Belgard subsequently purchased from MBM in completing the home, he paid MBM in cash.

MBM filed a Statement of Claim or Privilege on April 16, 2019, pursuant to its rights under the Louisiana Private Works Act, La.R.S. 9:4801-4852[1], claiming a

---

[1] The Private Works Act was substantially amended by 2019 La.Acts No. 325, which amendments became effective on January 1, 2020. At all times pertinent to this litigation, the pre-amendment version of the statutes was in effect; references in this opinion are to the law as it read in 2019.

privilege in the amount of $100,683.33 for "building products and supplies []

delivered, used and consumed in the residence constructed on the following

described immovable property." The property description contained therein

described the entire ninety-two-acre tract. The Belgards sent a notice of substantial

completion to MBM on July 11, 2019. MBM filed a second Statement of Claim or

Privilege on September 4, 2019. This second filing included the two pages

originally filed in April, as well as a letter from Mr. Melcher stating (all syntax

errors in the original):

> The attached account listings are for building materials used in the construction of Jimmy Belgard's house at 281 Gene Gunter Rd, Deville, La. 71328. This includes all the forming, framing, windows, doors and trim materials. The list have invoice numbers, dates and amount purchased. This doesn't include concrete, brick, electrical, plumbing & HVAC.

Also attached was an eight-page listing of invoices due, which included only

the number of the invoice, a date, the amount due on the invoice, and a running

total of the amount due.

On October 4, 2019, the Belgards, through their attorney, sent a letter to

MBM's attorney alleging that both liens were invalid and requesting that MBM

take the necessary steps to cancel both liens. With respect to the April 16, 2019

lien, the letter alleges that MBM failed to give notice of nonpayment to the

Belgards at least ten days before filing the statement of claim and privilege

pursuant to La.R.S. 9:4802(G)(2). Further, the letter alleges the home was

constructed on a 1.067 acre tract of land, not the ninety-two acre tract described,

and, thus, the lien is invalid because it failed to particularly identify the immovable

property. Finally, the letter alleged that the statement of claim or privilege failed

to "reasonably itemize the elements comprising it including the person for whom

or to whom it was performed, material supplied, or services rendered" as required

2

by La.R.S. 9:4822(G). The Belgards requested that the September 4, 2019, lien be cancelled for the same reasons.

When MBM failed to cancel either lien, the Belgards filed a mandamus suit against the Rapides Parish Clerk of Court to cancel the liens and against MBM, seeking damages, court costs, attorney fees, and legal interest. Following a bench trial on the matter on March 16, 2020, the trial court ruled in favor of the Belgards in written reasons dated April 30, 2020. The trial court ordered the Rapides Parish Clerk of Court to cancel both Statements of Claim or Privilege and ordered MBM to pay attorney fees in the amount of $7,500.00 to the Belgards. MBM now appeals. The Belgards have answered the appeal, seeking an increase of the attorney fees awarded at trial and additional attorney fees for work done on this appeal.

## ASSIGNMENTS OF ERROR

MBM asserts two assignments of error:

1. The trial court erred in granting the Writ of Mandamus in favor of Jimmie W. Belgard and Stacey Ann Belgard and against Lumber Investors, LLC d/b/a Martin Building Materials, ordering the Clerk of Court of the Ninth Judicial District Court, Parish of Rapides, to cancel the "Statement of Claim or Privilege," dated September 4, 2019, recorded in the Mortgage Records of Rapides Parish in Book 3161, Page 206-216, in the amount of $100,683.33.

   i. The trial court erred in concluding that the Notice of Nonpayment was not sent at least ten days prior to filing of the "Statement of Claim or Privilege," dated September 4, 2019, recorded in the Mortgage Records of Rapides Parish in Book 3161, Page 206-216, in the amount of $100,683.33.

   ii. The trial court erred in concluding that the "Statement of Claim or Privilege," dated September 4, 2019, recorded in the Mortgage Records of Rapides Parish in Book 3161, Page 206-216, in the amount of $100,683.33, was invalid, specifically concluding that the invoice statements attached to the "Statement of Claim or Privilege" did not support the alleged debt of $100,683.33.

2.     The trial court erred in ordering Lumber Investors, LLC d/b/a Martin Building Materials to pay Jimmie Belgard and Stacey Ann Belgard reasonable attorney fees in the amount of $7,500.00 plus the cost of the proceedings.

Answering the appeal, the Belgards seek an increase in the attorney fees awarded at the trial court and an additional award of attorney fees for work performed on appeal.

## DISCUSSION

We note at the outset of this discussion that MBM has not assigned as error the trial court order cancelling of the April 16, 2019 Statement of Claim or Privilege, so the judgment of the trial court with respect to the cancellation of it will not be disturbed on appeal. Before the legislature significantly rewrote the Private Works Act in 2019, La.R.S. 9:4802(G)(2) stated:

> For the privilege under this Section or R.S. 9:4801(3) to arise, the seller of movables shall deliver a notice of nonpayment to the owner at least ten days before filing a statement of his claim and privilege. The notice shall be served by registered or certified mail, return receipt requested, and shall contain the name and address of the seller of movables, a general description of the materials provided, a description sufficient to identify the immovable property against which a lien may be claimed, and a written statement of the seller's lien rights for the total amount owed, plus interest and recordation fees. The requirements of this Paragraph (G)(2) shall apply to a seller of movables sold for use or consumption in work on an immovable for residential purposes.

Delivery of notice pursuant to the Private Works Act was defined in La.R.S. 9:4842(A):

> A notice required or permitted to be given by this Part or any document required or permitted to be delivered by this Part shall be deemed to have been given or delivered when it is delivered to the person entitled to receive it, or when the notice or document is properly deposited in the United States mail for delivery by certified or registered mail to that person. The mailing may be addressed to an owner, contractor, or surety at the address given in a notice of contract or attached bond filed in accordance with this Part, or to a claimant at the address given in the statement of claim or privilege filed by the claimant or a notice given by the claimant under the provisions of R.S. 9:4822.

4

When interpreting statutes granting liens and privileges for working materials furnished, Louisiana courts generally construe the statutes strictly against the claimant. *P.H.A.C. Servs., Inc. v. Seaways Int'l, Inc.*, 403 So.2d 1199 (La.1981). A trial court's findings of fact related to materialmen's liens are reviewed by the court of appeal using the manifest error standard of review. *Rogers v. Hooter*, 16-969 (La.App. 3 Cir. 4/5/17), 215 So.3d 979.

MBM argues that the notice sent to the Belgards on April 18, 2019, while not timely for the purpose of the Statement of Claim or Privilege filed on April 16, should be considered a timely notice for the September 4, 2019, Statement of Claim or Privilege. We disagree. The April 18 notice of nonpayment clearly references the April 16, 2019 lien, which Mr. Melcher admitted at the hearing was not valid. The evidence at trial proved that the Notice of Nonpayment dated August 14, 2019, was not actually delivered until September 6, 2019, to Trudy Belgard, Mr. Belgard's mother. MBM did introduce into evidence a tracking history from the United States Postal Service website, indicating that the letter was deposited into the mail on August 14, 2019; but on August 16, the Deville post office noted that the address was insufficient. The tracking information provided says the letter was delivered on September 6, 2019. According to this evidence, the second notice was timely, as it was placed in the mail twenty days before the Statement of Claim or Privilege was filed. Thus, the trial court erred in finding it was not timely.

MBM next argues that the trial court erred in finding that the Statement of Claim or Privilege filed on September 4, 2019, did not sufficiently itemize the materials delivered. In order to perfect a material lien under the Private Works Act, La.R.S. 9:4822(G) set forth the required elements:

5

A statement of a claim of privilege:

>    (1) Shall be in writing.

>    (2) Shall be signed by the person asserting the same or his representative.

>    (3) Shall reasonably identify the immovable with respect to which the work was performed or movables or services were supplied or rendered and the owner thereof.

>    (4) Shall set forth the amount and nature of the obligation giving rise to the claim or privilege and reasonably itemize the elements comprising it including the person for whom or to whom the contract was performed, material supplied, or services rendered.

The trial court found that the lien did not adequately itemize the elements comprising the obligation. In the September 4, 2019, Statement of Claim or Privilege, the affidavit states the lien is for "building supplies and material delivered," while an attached document further explains the materials supplied:

>    The attached account listings are for building materials used in the construction of Jimmy Belgard's house at 281 Gene Gunter Rd, Deville, La. 71328. This includes all the forming, framing, windows, doors and trim materials. The list have invoice numbers, dates and amount purchased. This doesn't include concrete, brick, electrical, plumbing & HVAC.

The filing also has attached a list of invoices, but no information is given for the invoices except the date and the amount due. At the top of each page of the list is a header:

```
Name:KEH CONS/BELGARD            Cust type:        Cust #1013404 Job #
Addr:P.O. BOX 4570               Acct type:30    Last pay date:  /  /
    :PINEVILLE, LA 71361         Stmt type:B  Last pay amt:         0.00
Contact:                                      Credit limit:     50000.00
    (318) 709-5778 (   )    -   Fax: (   )   -     Balance:     100683.33
Current due:     2793.31  Future due:      0.00 Open orders:         0.00
  1 to 30      31 to 61    62 to 90    91 to 121    122 to 152   Over 152
     0.00         0.00        0.00       123.65      5009.42     92756.95
```

In *Tee It Up Golf, Inc. v. Bayou State Constr., L.L.C.*, 09-855, pp. 4-5 (La.App. 3 Cir. 2/10/10), 30 So.3d 1159, 1162, this court affirmed the cancellation

6

of two claims or privileges because they failed to reasonably itemize the elements comprising them, reasoning:

> We also find the trial court did not err in finding Nobles failed to properly set forth the amount and nature of the obligation giving rise to the claims or privileges and reasonably itemize the elements comprising them. The record established that Bayou State filed two claims or privileges, one on each property. However, Bayou State listed the same amount on each claim, $180,762.59. The trial court noted it was not reasonable to assume that two separate projects at two different locations would have required the same amount of material and labor expenses. Noting Bayou State gave no explanation for this, the trial court concluded it simply listed the lump sum for both projects. Clearly, such a lump sum amount cannot meet the statutory requirement to set forth the amount and nature of the claim giving rise to the privilege against each property. It is impossible to know how much the reasonable amount is for the claim on the strip mall as opposed to the claim on the private residence.
>
> Likewise, on both statements of claim filed by Bayou State, the $180,762.59 figure is listed under the category "Materials Supplied." There is no attempt whatsoever to itemize the elements comprising this amount as required by statute. Thus, the Statements of Claim filed by Bayou State were improper and the trial court did not err in ordering their cancellation.

There is a similar case from the fifth circuit which found a cursory description of the work performed was sufficient. In *Simms Hardin Co., LLC v. 3901 Ridgelake Drive, L.L.C.*, 12-469, 12-548, 12-607, pp. 15-16 (La.App. 5 Cir. 5/16/13), 119 So.3d 58, 68, *writ denied*, 13-1423 (La. 9/27/13), 123 So.3d 726, the court found that the lien affidavits were sufficiently itemized:

> The lien affidavits in this case are attached to the original petition and are summarized as follows:
>
> · Sharp Electric's lien affidavit claims the amount of $91,492.60 for "electrical and lighting work."
>
> · Commercial Paint's lien affidavit asserts a claim for the amount of $58,563.10 for "wall preparation and general painting work."
>
> · Simms Hardin's lien affidavit claims the amount of $106,248.00 for "framing, insulation, and drywall installation."

7

· Gallo's lien affidavit claims the amount of $78,382.20 for "plumbing installation work."

· Crasto Glass's lien affidavit claims the amount of $45,346.80 for "aluminum framing and glass and glazing installation work."

· Year Round's Statement of Lien claim claims the amount of $119,028.70 for "air conditioning and ventilation work."

In the lien affidavits, the descriptions of the work performed are individualized as to each subcontractor and sufficiently describe the work performed by each. Further, this case does not involve separate and distinct parcels of immovable property as was the case in *Tee It Up Golf* (the strip mall and the private home). Though the condominiums were sold as individual units, the various subcontracts were for construction work to be performed on the condominium complex as a whole.

The trial court found that the documents only show a current amount due of $2,793.31. MBM argues that the total amount due is taken by adding all the amounts listed in the final row, which indicates older amounts due, and adding that amount to the current due, for a total of $100,683.33. While MBM may be correct, the trial court also found that testimony from Mr. Melcher indicated that MBM would apply payments from KEH to the oldest MBM invoices, rather than to the invoices associated with specific jobs. Thus, when the Belgards paid KEH, KEH would then pay MBM, but rather than applying the payment to the Belgard invoices, MBM would apply the payments to the older accounts. We find that, considering all the evidence presented at trial, the trial court's factual finding that the debt of the Belgards was not reasonably itemized is not manifestly erroneous. Thus, we affirm the trial court's judgment ordering the cancellation of the September 4, 2019 Statement of Claim or Privilege.

In its final assignment of error, MBM argues the trial court erred in awarding attorney fees to the Belgards. In answer to the appeal, the Belgards seek an increase in attorney fees. Louisiana Revised Statutes 9:4833 states:

> B. One who, without reasonable cause, fails to deliver a written request for cancellation in proper form to cancel the claim or privilege as required by Subsection A of this Section shall be liable for damages suffered by the owner or person requesting the authorization as a consequence of the failure and for reasonable attorney fees incurred in causing the statement to be cancelled.

A court will award reasonable attorney fees upon successful prosecution of suit when there has been a showing that the lienholder's refusal to cancel a lien was arbitrary, capricious and unreasonable. *Linzay Downs, Inc. v. R. E. Heidt Constr. Co., Inc.*, 397 So.2d 5 (La.App. 3 Cir.1981). The Belgards timely sent a written request for cancellation, and MBM failed to cancel either Statement of Claim or Privilege. We find that the trial court did not err in holding MBM liable for reasonable attorney fees. The April Statement of Claim or Privilege was clearly invalid, and MBM's refusal to cancel it was arbitrary and capricious. Having found the trial court did not err in cancelling the September lien, we will not disturb the trial court's finding that MBM was likewise unreasonable in its failure to cancel that lien as well. The Belgards allege that the trial court erred in awarding only $7,500.00 for attorney fees because they entered evidence into the record showing $17,388.00 of fees billed by the Belgards' attorneys. A trial court's award of reasonable attorney fees will not be disturbed unless it is an abuse of discretion. We find the trial court's award is reasonable here.

We further find that the Belgards are entitled to additional attorney fees for work done on appeal. We therefore award an additional $10,000.00 to the Belgards, payable by MBM, and cast all costs of this appeal on MBM.

9

## CONCLUSION

The judgment of the trial court is affirmed in all respects.  Additionally, we award an additional $10,000.00 to the Belgards for attorney fees.  All costs of this appeal are assessed to MBM.


**AFFIRMED AS AMENDED.**